IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

THOMAS E. CHANDLER,

    Plaintiff,

v.   No. CIV-00-0915 LH/LCS

CITY OF ALBUQUERQUE
POLICE DEPARTMENT,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte* to review this pro se Plaintiff's civil rights complaint under Fed.R.Civ.P. 12(b)(6). For the reasons below, Plaintiff's complaint will be dismissed.

The Court may dismiss a complaint *sua sponte* under Fed.R.Civ.P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). The Court also has the discretion *sua sponte* to dismiss frivolous or malicious claims. *Mallard v. United States Dist. Court*, 490 U.S. 296, 307-08 (1989) ("little doubt" of court's power to dismiss a "frivolous or malicious" action even without authorization in 28 U.S.C. § 1915). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but is mindful that the complaint must be liberally construed. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that in 1994 Plaintiff met a Ms. Ortiz, his "one and only true love." In



1995, while Plaintiff was attempting to court Ms. Ortiz, she filed a complaint against him with the Albuquerque, New Mexico, Police Department. Since that time Plaintiff has made a number of attempts to contact Ms. Ortiz, and various Albuquerque police officers have told Plaintiff to stay away from her. He alleges the police have made defamatory statements and reports about him and have prevented him from telling Ms. Ortiz that he loves her. As a result of this prohibition, Plaintiff has "been sick for six years." Based on these allegations, Plaintiff asserts claims for violation of his First Amendment right of free speech and for slander/defamation. The complaint seeks injunctive relief and damages.

Plaintiff's First Amendment claim is defeated by his own factual allegations. "In order to establish a § 1983 claim based on the First Amendment, a plaintiff must demonstrate that [] his conduct was constitutionally protected...." *Thomsen v. Romeis*, 198 F.3d 1022, 1027 (7th Cir. 2000). "[I]t is well understood that the right of free speech is not absolute at all times and under all circumstances. There are certain well-defined and narrowly limited classes of speech, the prevention and punishment of which has never been thought to raise any Constitutional problem. These include ... those [words] which by their very utterance inflict injury or tend to incite an immediate breach of the peace." *Chaplinsky v. State of New Hampshire*, 315 U.S. 568, 571-72 (1942) (footnotes omitted). "(T)he First Amendment will not operate as an excuse for harassing behavior." *B. Willis, C.P.A., Inc. v. Goodpaster*, 183 F.3d 1231, 1234 (10th Cir. 1999). "[T]he state has a legitimate interest in prohibiting . . . harassing phone calls, none of which are generally thought of as protected by the First Amendment." *Walker v. Dillard*, 523 F.2d 3, 4 (4th Cir. 1975). *See also United States v. Roeder*, 526 F.2d 736, 739 (10th Cir. 1975) ("the First Amendment does not constitute a license to violate the law."). Plaintiff may well believe his expressions to Ms. Ortiz do not amount to harassment; unfortunately for

2

his First Amendment claim, her complaint to the police clearly indicates a contrary belief. "[A]llowing [Plaintiff] an opportunity to amend his complaint would be futile," *Hall*, 935 F.2d at 1109, and his First Amendment claim will be dismissed for failure to state a claim upon which relief can be granted.

Plaintiff also asserts a defamation claim against the police department. In view of the dismissal of the First Amendment claim, the Court will decline to exercise supplemental jurisdiction, 28 U.S.C. § 1367(a) & (c), of this state law claim. *See Goldschmidt v. Patchett*, 686 F.2d 582, 585 (7th Cir. 1982) (trial court acted within its discretion in dismissing pendent defamation claim). The Court may "decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." § 1367(c). Under § 1367(c)(3), the Court declines to exercise jurisdiction of Plaintiff's state law claim, and the complaint will be dismissed.

IT IS THEREFORE ORDERED that Plaintiff's First Amendment claim be DISMISSED with prejudice for failure to state a claim upon which relief can be granted, the defamation claim will be DISMISSED without prejudice, and a form of judgment will be entered in accordance with this opinion.

_____
UNITED STATES DISTRICT JUDGE